NEW JERSEY DEPARTMENT OF LABOR,
WORKMEN'S COMPENSATION BUREAU.

HENRY MILLER, PETITIONER, v. CHALFONTE HOTEL, LEEDS & LIPPINCOTT COMPANY, INCORPORATED, RESPONDENT.

This is a case coming on for determination under the provisions of the Workmen's Compensation act, in which the

petitioner claims to have cut his hand at one-thirty P. M. on January 20th, 1928, on a broken plate, while he was operating a dishwashing machine. The respondent claims that no report of such an occurrence was made by the petitioner, and the record shows that a petition for compensation was not filed until February 19th, 1929, more than one year after the alleged accident. Meanwhile, the petitioner had suffered the amputation of his left hand.

Said petition was served on March 4th, and an answer, in the form of a letter, was filed on March 16th, and on March 21st a more complete answer was filed on a regular blank form. Petitioner's counsel, James A. Lightfoot, contends that inasmuch as the answer was not filed within ten days of the service of the petition, the respondent is precluded from interposing the one-year time limit provision of the act. The criterion is not the filing of an answer, but the fact of knowledge of an accident by the employer within ninety days of the occurrence. The statutes provide that under certain conditions a case may be heard even though the petition is not filed within the year. At such a hearing the petitioner must establish that the employer knew of the occurrence within ninety days. The act reads "unless knowledge be obtained, or notice given, within ninety days after the occurrence of the injury, no compensation shall be allowed."

All of the witnesses for the respondent testified to the lack of knowledge at any time of any accident, and the petitioner did not produce any witness having knowledge of any accident. According to my study of the testimony, the petitioner's statements do not dovetail together very well. He states that he stopped work and went to Dr. Riley on January 20th, 1928. There was other testimony that, whereas he worked all day on January 19th, 1928, he did not report for work on January 20th, 1928. The petitioner further asserts that he reported the accident to Mrs. R. S. Allen on the same day that it occurred. He further states that he told Mrs. Allen that he was under the care of Dr. Riley. However, later in his testimony he claims that after going to Dr. Riley,

he did not again go back to the hotel and that he at no time was at the hotel until after his hand was amputated. Dr. Riley, reading from his notes, states that he first treated the injured on January 21st, 1928. Dr. Riley further testified that although he talked with some one at the office of the hotel, there was no discussion of an accident. There was a discussion of the condition of the man.

There can be no doubt that the petitioner had something the matter with his hand. Mrs. Allen, who has charge of the welfare department, testified that the petitioner told her he had a lump on his hand. The testimony of the respondent is that he did not work after the 19th. He claims he cut his hand on the 20th. Dr. Riley, testifying for the petitioner, states he did not come to him until the 21st, and that there was infection present at that time. The petitioner claims he went to Dr. Riley the same day that he was hurt.

A study of this record fails to convince me that the petitioner met with any accident in the employ of the respondent.

\* \* \* \* \* \* \*

W. E. STUBBS,
Deputy Commissioner.